**Ernst LARESE and Barbara Ann Larese, Plaintiffs-Appellants,**

**v.**

**CREAMLAND DAIRIES, INC., a New Mexico corporation, Defendant-Appellee.**

**No. 83–2164.**

United States Court of Appeals, Tenth Circuit.

July 15, 1985.

Joseph A. Kiely, Denver, Colo., for plaintiffs-appellants.

William H. Pratt, Martha E. Rudolph with him on the brief of Kirkland & Ellis, Denver, Colo., for defendant-appellee.

Before McKAY and SETH, Circuit Judges, and JENKINS, District Judge.[*]

McKAY, Circuit Judge.

The issue in this case is whether a franchisor has an absolute right to refuse to consent to the sale of a franchisee's interest to another prospective franchisee.

Plaintiffs entered into a 10-year franchise agreement with defendant, Creamland Dairies, in 1974. The franchise agreement provided that the franchisee "shall

* Honorable Bruce S. Jenkins, United States District Judge for the District of Utah, sitting by designation.

not assign, transfer or sublet this franchise, or any of [the] rights under this agreement, without the prior written consent of Area Franchisor [Creamland] and Baskin Robbins, any such unauthorized assignment, transfer or subletting being null and without effect." The plaintiffs attempted to sell their franchise rights in February and August of 1979, but Creamland refused to consent to the sales. Plaintiffs brought suit, alleging that Creamland had interfered with their contractual relations with the prospective buyers by unreasonably withholding its consent. The district court granted summary judgment for the defendant on the ground that the contract gave the defendant an absolute, unqualified right to refuse to consent to proposed sales of the franchise rights. Plaintiffs appeal, claiming that defendant franchisor has a duty to act in good faith and in a commercially reasonable manner when a franchisee seeks to transfer its rights under the franchise agreement.

The Colorado courts have never addressed the question of whether a franchisor has a duty to act reasonably in deciding whether to consent to a proposed transfer. The Colorado courts have, however, imposed a reasonableness requirement on consent to transfer clauses in other types of contracts. In *Basnett v. Vista Village Mobile Home Park*, 699 P.2d 1343 (Colo. App.1984), the Colorado appellate court held that a landlord cannot unreasonably refuse to consent to assignment or subleasing by a tenant. While the court indicated that the courts would enforce a provision expressly granting the landlord an absolute right to consent if such a provision was freely negotiated, it refused to find such an absolute right in a provision which provided simply that the landlord must consent to assignment. At 1346 (citing *Restatement (2d) of Property* § 15.2(2) (1977)). The question before us, therefore, is whether the Colorado courts would impose a similar requirement of reasonableness on restraint on alienation clauses in franchise agreements.

Counsel for both parties have argued that the franchisor-franchisee relationship is a special one which is not directly analogous to that of a landlord and tenant. As the Supreme Court of Pennsylvania has noted, "[u]nlike a tenant pursuing his own interests while occupying a landlord's property, a franchisee ... builds the good will of both his own business and [the franchisor]." *Atlantic Richfield v. Razumic*, 480 Pa. 366, 390 A.2d 736, 742 (1978). This aspect of the relationship has led a number of courts to hold that the franchise relationship imposes a duty upon franchisors not to act unreasonably or arbitrarily in terminating the franchise. *See, e.g., Atlantic Richfield*, 390 A.2d at 742; *Arnott v. American Oil Co.*, 609 F.2d 873 (8th Cir.1979), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980); *Shell Oil Co. v. Marinello*, 63 N.J. 402, 307 A.2d 598 (1973). As did these courts, we find that the franchisor-franchisee relationship is one which requires the parties to deal with one another in good faith and in a commercially reasonable manner. *See Arnott*, 609 F.2d at 881 (finding fiduciary duty inherent in franchise relationship); *Atlantic Richfield*, 390 A.2d at 742 (basing decision that franchisor cannot arbitrarily terminate relationship on franchisor's "obligation to deal with its franchisees in good faith and in a commercially reasonable manner").

Defendants argue that the franchise assignment situation differs from the franchise termination situation in that the franchisor must work with the person to whom the franchise is assigned. To impose a duty of reasonableness, they argue, would violate the rule of *United States v. Colgate & Co.*, 250 U.S. 300, 307, 39 S.Ct. 465, 468, 63 L.Ed. 992 (1919), that a manufacturer engaged in private business has the right "freely to exercise his own independent discretion as to parties with whom he will deal." This right, however, must be balanced against the rights of the franchisees. As is true in the termination cases, the franchisee has invested time and money into the franchise and, in doing so, has created benefits for the franchisor. We do not find it an excessive infringement of the franchisor's rights to require that the fran-

chisor act reasonably when the franchisee has decided that it wants out of the relationship. The franchisee should not be forced to choose between losing its investment or remaining in the relationship unwillingly when it has provided a reasonable alternative franchisee.

We do not hold that a provision which expressly grants to the franchisor an absolute right to refuse to consent is unenforceable when such an agreement was freely negotiated. We do not believe the Colorado courts would find such an absolute right, however, in a provision such as the one involved in this case which provides simply that the franchisee must obtain franchisor consent prior to transfer. *See Vista Village*, at 1346. Rather, the franchisor must bargain for a provision expressly granting the right to withhold consent unreasonably, to insure that the franchisee is put on notice. Since, in this case, the contracts stated only that consent must be obtained, Creamland did not have the right to withhold consent unreasonably.

Reversed and remanded for further proceedings consistent with this opinion.